# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**CHARLOTTE S. MOMAN**                                                            **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO.: 3:15CV152 CWR-FKB**

**JACKSON-HINDS LIBRARY SYSTEM,**
**AND JOHN DOES 1-20**                                                    **DEFENDANTS**

## RESPONSE TO DEFENDANT'S MOTION TO QUASH SUBPOENA DUCES TECUM TO HANCOCK LIBRARY STYSTEM

COMES NOW, the Plaintiff, Charlotte S. Moman in the above-styled cause, by and through undersigned Counsel, and moves this Court to deny Defendant's Motion to Quash Plaintiff's Subpoena Duces Tecum to Hancock Library System and states as follows:

1. Plaintiff, Charlotte S. Moman, began her employment with Defendant in 1989.

2. On or about May 2013, Carolyn McColllum, the executive director, announced her retirement.

3. On or about June 5, 2013, Defendant placed a job announcement with a description of the job on this date. The application deadline clearly stated August 1, 2013. See Exhibit "A" attached hereto.

4. Plaintiff personally told Harriett Kuykendall along with other Board members that she was interested in and would be applying the for the job, which she did apply for later.

5. On or about June 24, 2013, the Board met and hired Ms. Patty Furr for the position.

6. The Defendant claims that Ms. Furr was so qualified that no other application needed to be reviewed.

7. Plaintiff, based on a good faith belief, has reason to believe that Ms. Furr left on adverse terms with the Hancock Library System. Ms. Furr did leave unexpected from the Hancock Library System. See Exhibit "B" attached hereto.

8. Furthermore, financial issues existed with the Hancock County Library System prior to the departure of Ms. Furr. See Exhibit "C" attached hereto.

9. Ms. Furr states in her letter to Ms. Kuykendall (page 2) that she ran her husband gravel pit. See Exhibit "D" attached hereto.

10. Ms. Furr told Plaintiff that her husband's gravel pit filed for bankruptcy.

11. Defendant admits in paragraph seven (7) of its motion to quash that it failed to check on Ms. Furr's background prior to hiring her.

12. Defendant claims that this is a mere fishing expedition of Ms. Furr's history. This is far from it. Ms. Furr, by Defendant action in hiring her, is essentially a party to this suit.

13. Defendant violated its own hiring deadline when it chose to hire a person based on a mere application in without furthermore investigation her credentials.

14. Plaintiff alleges that Defendant's actions in hiring Ms. Furr was a violation under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq. and 42 U.S.C. § 1981.

15. The qualifications of Ms. Momran and Ms. Furr are both issues in the case at bar. Both of these individuals employment files are relevant to the case at bar.

16. Plaintiff must prove that she was a member of a protected class, qualified for and applied for the promotion at issue, despite that plaintiff's qualifications she was rejected for the promotion, and another employee who is not a member of the protected class, with equal or lesser qualifications, was promoted to the position. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

17. Ms. Furr's employment file is relevant and is reasonably calculated to lead to the discovery of admissible evidence.

18. Courts have determined that employment files can and are relevant to discrimination cases. In *Schooler v. Wal-Mar Stores, Inc.*, 2015 U.S. Dist. LEXIS 107196, (E.D. La 2015) found that "[t]his does not mean that a party is never entitled to discover the personnel files of an opponent's employees or that everything contained in

them is irrelevant. The court must balance the interests of the parties in obtaining relevant discovery against the privacy interests of individual non-parties. Thus, "a district court has discretion to determine whether discovery of such files is warranted." (citing *Davis v. Precoat Metals*, No. 01 C 5689, 2002 U.S. Dist. LEXIS 13851, 2002 WL 1759828 (N.D. Ill. July 29, 2002) (citing *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994); *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 365 (6th Cir. 1999); *Atkinson v. Denton Publ'g Co.*, 84 F.3d 144, 148 (5th Cir. 1996)).

19. Ms. Furr's prior employment history is clearly relevant since she was chosen for the position. The information in Ms. Furr's employment file will either show that she was greatly qualified or show the discrimination as alleged by Plaintiff.

WHEREFORE Ms. Furr's employment file at Hancock Library System is relevant to the case at bar. Therefore Defendant's Motion to Quash Plaintiff's Subpoena Duces Tecum to Hancock Library System should be denied.

        Respectfully submitted,
        Charlotte Moman

By: /s/ DANIEL D. WARE
Daniel D. Ware, Attorney for Plaintiff
WARE LAW FIRM, PLLC
2609 US Highway 49 South
Florence, Mississippi 39073
Telephone: (601) 845-9273
Facsimile: (601) 845-0749
MSB#10,847
dware@warelawfirm.com

# CERTIFICATE OF SERVICE

I, the undersigned Daniel D. Ware, Ware Law Firm, PLLC, attorney for Plaintiff herein, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Joseph L. Adams (MSB #10591)
Lindsay Thomas Dowdle (MSB #102873)
Jones Walker LLP
P. O. Box 427
Jackson, MS 39205-0427
jojoadams@joneswalker.com
ldowdle@joneswalker.com

**DATED** this 28th day of September, 2015.

**/s/ Daniel D. Ware**
Daniel D. Ware